IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | Case No. 2:19-cr-223(5) |
| v. : | |
| : | Judge Algenon L. Marbley |
| ELIEZAR MENDOZA-NAVA, : | |
| : | |
| Defendant. : | |

## OPINION & ORDER

This matter comes before this Court on Defendant Eliezar Mendoza-Nava's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 280). For the reasons stated below, Defendant's motion (ECF No. 280) is **DENIED**.

### I. BACKGROUND

On October 17, 2019, a federal grand jury returned an 89-count Indictment charging Mr. Mendoza-Nava, among others, with crimes related to the narcotics trafficking and money laundering. (ECF No. 23). On October 16, 2020, the Defendant entered a plea of guilty, pursuant to a Rule 11(c)(1)(A) plea agreement, to Counts 47 and 48 of the Indictment charging him with money laundering. (ECF Nos. 144 & 168). Under the plea agreement, the parties agreed on a sentencing disposition of between 210 and 327 months of incarceration (ECF No. 144 ¶ 7), and Defendant "waive[d] the right to attack his conviction or sentence collaterally, such as by way of a motion brought under . . . 18 U.S.C. § 3582." (*Id.* ¶ 9). On February 11, 2021, the U.S. Probation Office ("Probation") submitted its final Presentence Investigation Report ("PSR") which, as relevant here, computed a criminal history category of II based on three criminal history points that were added for a prior conviction Mr. Mendoza-Nava sustained that resulted in a five-year

incarceration sentence. (*See* ECF No. 223 ¶ 74; ECF No. 227 at 4). On March 19, 2021, this Court adopted the PSR's findings and sentenced Defendant to 216 months of incarceration based on a total offense level of 38, a criminal history category of II, and a guideline range of 262 to 327 months. (ECF No. 232; *see also* ECF No. 223).

In November 2023, the U.S. Sentencing Commission enacted Sentencing Guideline Amendment 821, which no longer added two criminal history points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," unless the defendant had received seven or more criminal history points. *See* U.S. Sentencing Comm'n, *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index* (eff. Nov. 1, 2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

On November 5, 2024, Defendant moved for a sentence reduction based on Amendment 821. (ECF No. 280). The Government opposed. (ECF No. 281). This matter is therefore ripe for resolution.

## II.  LAW & ANALYSIS

District courts generally may not reconsider a sentence after they have imposed it. *See* 18 U.S.C. § 3582(c); *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010). A narrow exception exists, however, when the modification is permitted by statute. *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). As relevant here, a district court may reduce a sentence if the Sentencing Commission later lowers the defendant's "sentencing range," and if the reduction comports with both the sentencing factors in 18 U.S.C. § 3553(a) and the policy statements issued by the Commission. *See* 18 U.S.C. § 3582(c)(2). The applicable policy statements instruct, for example,

2

that a defendant may not seek a reduced sentence if the relevant amendment does not have "the effect of lowering the defendant's applicable guidelines range." U.S.S.G. § 1B1.10(a)(2)(B).

Mr. Mendoza-Nava argues that "Amendment 821 serves to reduce the sentencing range, and requires the Court to consider what sentence Defendant would receive if sentenced today." (ECF No. 280 at 2). He does not, however, explain why this is so. As the Government correctly observes, Mr. Mendoza-Nava's guideline range would not change under Amendment 821, as he would still receive three criminal history points for the prior conviction and sentence he sustained. *See* U.S.S.G. § 4A.1.1(a). Because Defendant's criminal history category and sentencing guideline range would not be any lower if he were sentenced today, he is not eligible for a sentencing reduction under 18 U.S.C. § 3582(c)(2).

Accordingly, Defendant's motion for a sentence reduction (ECF No. 280) is **DENIED**.

### III.  CONCLUSION

For the reasons stated above, Defendant's motion for a sentence reduction (ECF No. 280) is **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  January 14, 2025**